Weygandt, C. J.
This controversy involves mats, engravings, etchings, half-tones and similar materials purchased by the appellant and then delivered by it without charge to newspaper publishers for use in newspaper advertisements concerning the appellant’s merchandise.
The appellant contends that its purchase and use of these materials are not subject to these excises. Reliance is placed on the exceptions in the provisions of Section 5546-1, General Code. These read in part as follows:
“ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is (a) to resell the thing transferred in the form in which the same is, or is to be, received by him; or * * * to use or consume the thing transferred directly * * * in making retail sales * *
Did the appellant purchase these materials for the purpose of resale to the newspaper publishers ?
A study of the record discloses no evidence of a sale of these materials to the newspaper publishers by the appellant. The only sale of the materials was when the appellant itself purchased them, and they thereafter remained the property of the appellant alone for whatever use, if any, the appellant alone wished to-make of them. The newspaper publishers simply sold the appellant the advertising space for whatever use the appellant wished to make of it, and the price of the space remained the same irrespective of whether the content included these materials. The materials formed no part of the consideration therefor.
The appellant’s second contention is that the materials were used ‘ ‘ directly in making retail sales. ’ ’
*447 The appellant relies on the decision of this court in the cases of Crowell-Collier Publishing Co. v. Glander, Tax Commr., and McCall Corp. v. Glander, Tax Commr., 155 Ohio St., 511, 99 N. E. (2d), 649.
In those cases it was held that certain envelopes were used directly in making retail sales. Two types of envelopes were involved. One was a so-called container envelope which was addressed and mailed directly to a potential subscriber to a magazine. The second was an envelope addressed directly to the publisher and enclosed together with printed advertising matter in the first envelope.
In contrast in the instant ease the materials were incidental to the advertisments and were used indirectly in offering the appellant’s merchandise to the general public. This view is consistent with that part of the decision in the Crowell and McCall cases, supra, holding that a mechanical conveyor used to transport magazines from a mailing room to trucks and railroad cars was not used directly in the production of tangible personal property for sale.
The Board of Tax Appeals was not in error in holding that the appellant did not purchase the materials for the purpose of resale to the newspaper publishers and that the materials were not used directly in making retail sales.

Decision affirmed.

Zimmerman, Middleton, Matthias and Hart, JJ., concur.